UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-255 (RMU) |
| v. | : | |
| KARREN POTTS | : | |

FILED
SEP 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.  ELEMENTS OF THE OFFENSE:

   A.  To establish a violation of the offense of Trafficking in Stolen Property, in violation of 22 D.C. Code § 3231, the government must prove beyond a reasonable doubt at least two acts of trafficking in stolen property. Proof of only one act is not sufficient to prove the offense of trafficking in stolen property.

   B.  The essential elements of a single act of trafficking in stolen property are:

   1.  That the defendant sold, pledged, transferred, distributed, dispensed, or otherwise disposed of property of another person in exchange for receiving something of value;

   2.  That before the defendant sold, pledged, transferred, distributed, dispensed, or otherwise disposed of the property, she knew or had reason to believe the property was stolen;

   3.  That the defendant acted with the intent to disobey the law or in conscious disregard for the law; and

1

      4.    That the property had some value.

II.    <u>COPY OF THE PLEA AGREEMENT:</u>

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.    <u>PENALTIES:</u>

    A.    Pursuant to 22 D.C. Code § 3231, the offense of Trafficking in Stolen Property carries a maximum sentence of 10 years imprisonment, a fine not to exceed $10,000 and up to three years supervised release.

IV.    <u>FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA</u>:

If this case were to go to trial, the government's evidence would establish the following beyond a reasonable doubt:

Karren Potts has been employed at the Government Printing Office ("GPO") since 1984. She is currently employed as an Agency Publishing Services Technician at GPO. GPO is located at 732 North Capitol Street, NW, in Washington, DC. GPO is a legislative agency, and is the federal government's primary centralized resource for gathering, cataloging, producing, providing and preserving published information in all its forms. GPO provides Congress, the courts, and government agencies a set of centralized services to enable them to easily and cost effectively produce printed documents according to a uniform set of Federal government specifications. GPO also has offered these publications for sale to the public and made them widely available at no cost through the Federal Depository Library Program.

In 2003 Karren Potts married Michael Potts. Michael Potts was also employed at GPO, in the Human Capital department. Between October 2002 and July 2006, Michael Potts improperly used four different account codes to order a total of 4,430 printer ink cartridges from

the GPO store. Each time Michael Potts ordered a printer cartridge using an account code, the GPO division associated with that code was charged the cost of the cartridge. The total loss suffered by GPO as a result of Michael Potts' theft of the printer ink cartridges was $111,025.89. Michael Potts resold the majority of these cartridges to King Pawn, a pawnshop located at 4504 Annapolis Road, in Bladensburg, Maryland.

Between October 24, 2003, and August 23, 2005, Karren Potts sold printer ink cartridges to King Pawn on forty-two separate occasions. During some of the months in this period she sold printer ink cartridges to King Pawn on a weekly basis. She sold a total of 229 cartridges to King Pawn during this period. Each of these cartridges was stolen from GPO by Michael Potts. The 229 printer ink cartridges sold by Karren Potts cost various divisions at GPO $6,197.00.

At the time Karren Potts sold each of the printer ink cartridges to King Pawn, she knew that the cartridges had been stolen from GPO, and she acted with the intent to disobey the law or in conscious disregard for the law.

On June 30, 2006, Karren Potts met with Office of the Inspector General Special Agents Sonja Scott and Nathaniel Brown. Karren Potts was provided with a Non-Custodial Advice and Consent Form, and an acknowledgment of union representation. She waived her rights and answered the agents' questions at that time. During the interview Ms. Potts claimed that she had no knowledge of Michael Potts purchasing or stealing computer printer cartridges at the GPO. She claimed that she never saw him bring any printer cartridges home from work. She claimed never to have seen printer cartridges in their car or home. However, as noted above, she accepted

229 of the stolen cartridges and sold them at King Pawn.

> Respectfully submitted,
>
> KENNETH L. WAINSTEIN
> United States Attorney
> Bar No. 451058
>
> _/s/ Catherine K. Connelly_
> Catherine K. Connelly
> Assistant United States Attorney
> Major Crimes Section, Mass. Bar No. 649430
> 555 4th Street, N.W. #4844
> Washington, DC 20001
> Phone: 616-3384
> Fax: 353-9414

## DEFENDANT'S ACCEPTANCE

I have read the Proffer of Evidence setting forth the facts in support of my guilty plea. I have discussed this proffer fully with my attorney, Rita B. Bosworth, Esq. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.

Date: 9/18/06

_/s/ Karren Potts_
Karren Potts

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting the government's proffer of evidence as to my client's guilty plea. I have reviewed the entire proffer with my client and have discussed it with her fully. I concur in my client's agreement with and acceptance of this proffer.

Date: 9/18/06

_/s/ Rita B. Bosworth_
Rita B. Bosworth, Esq.
Counsel for Karren Potts

4