### IN THE
### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | No. 06-255 (RMU) |
| v. ) | |
| ) | |
| **KARREN POTTS** ) | |
| ) | |

### MOTION TO MODIFY DEFENDANT'S
### CONDITIONS OF RELEASE

Ms. Potts, through undersigned counsel, hereby requests that this Court modify her conditions of release such that she is no longer required to report to pretrial services in person for drug testing once a week, and she states in support the following:

1. On September 18, 2006, Ms. Potts entered a plea of guilty to the charge of Trafficking in Stolen Property, in violation of 22 D.C. Code § 3231, before Magistrate Judge Facciola.

2. Ms. Potts was released on personal recognizance with the condition that she was to report weekly by phone to pretrial services as well as "to be drug tested." Nowhere on her conditions of release was it stated that she was required to report for drug testing within 24 hours.

3. Apparently, it is the policy of pretrial services that if a defendant does not report for drug testing within 24 hours, that person is automatically placed on a weekly drug testing program, despite the fact that this policy is not mentioned anywhere on the copy of the release order that Ms. Potts received. This is true even if the initial drug test is negative.

4. Due to the fact that there is no mention of pretrial services's policy on her release order, Ms. Potts was unaware that she was required to report for her initial drug test within 24 hours. As a result, she went in for her initial drug test on September 21, 2006, the week after her

plea, in compliance with her obligation to report weekly with pretrial services. At that point she was told that her conditions of release had been automatically modified to include weekly drug tests.

5. Undersigned counsel spoke with pretrial services officer Tammy Everitt to explain that Ms. Potts was unaware of her obligation to report within 24 hours, but Ms. Everitt informed counsel that it was impossible for pretrial services to release Ms. Shaw from that obligation, and that counsel would have to file a motion with the Court.

6. On October 10, 2006, counsel spoke with Malaika Williams in the pretrial servies office and confirmed that Ms. Potts tested negative on 9/21, she tested negative with low creatonin levels on 9/28, and she tested negative on 10/5. Counsel submits that the reason Ms. Potts had low creatonin levels on 9/28 is that on that date, she sat for hours in the pretrial services office without being able to urinate, and she finally had to consume large quantities of water to force herself to give a sample rather than be violated for not testing at all. Counsel believes that this should not be counted against Ms. Potts, particularly since the tests before and after this test were both negative.

7. Due to Ms. Potts's negative drug tests, the fact that she has never been suspected of having a drug problem, the fact that she was unaware of pretrial services's 24 hour reporting policy, and the fact that she has been in perfect compliance with the written conditions, Ms. Potts respectfully requests that this Court issue an order modifying her conditions of release to excuse her from weekly drug testing.

8. Assistant United States Attorney Catherine Connelly was not available when counsel attempted to contact her as to whether she consented to this motion.

Respectfully submitted,

A. J. KRAMER
Federal Public Defender


_____/s/_____
RITA BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500