UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 06-255 (RMU)** |
| | : | |
| v. | : | |
| | : | |
| **KARREN POTTS** | : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing. For the reasons set forth herein, the government respectfully recommends that the Court sentence the defendant to probation for the offense of Trafficking in Stolen Property.

**I.   BACKGROUND**

On September 18, 2006, the defendant pled guilty to count two of a criminal Information, charging her with Trafficking in Stolen Property, in violation of 22 D.C. Code § 3231. In entering this plea of guilty, the defendant admitted to the following:

The defendant was employed at the Government Printing Office ("GPO") from 1984 until September 15, 2006. Her most recent position at GPO was that of an Agency Publishing Services Technician. GPO is located at 732 North Capitol Street, NW, in Washington, DC. GPO is a legislative agency, and is the federal government's primary centralized resource for gathering, cataloging, producing, providing and preserving published information in all its forms. GPO provides Congress, the courts, and government agencies a set of centralized services to enable them to easily and cost effectively produce printed documents according to a uniform set of Federal government specifications. GPO also has offered these publications for sale to the public and made them widely available at no cost through the Federal Depository Library Program.

In 2003 the defendant married Michael Potts. Michael Potts was also employed at GPO, in the Human Capital department. Between October 2002 and July 2006, Michael Potts improperly used four different account codes to order a total of 4,430 printer ink cartridges from the GPO store. Each time Michael Potts ordered a printer cartridge using an account code, the GPO division associated with that code was charged the cost of the cartridge. The total loss suffered by GPO as a result of Michael Potts' theft of the printer ink cartridges was $111,025.89. Michael Potts resold the majority of these cartridges to King Pawn, a pawnshop located at 4504 Annapolis Road, in Bladensburg, Maryland.

Between October 24, 2003, and August 23, 2005, the defendant sold printer ink cartridges to King Pawn on forty-two separate occasions. During some of the months in this period she sold printer ink cartridges to King Pawn on a weekly basis. She sold a total of 229 cartridges to King Pawn during this period. Each of these cartridges was stolen from GPO by Michael Potts. The 229 printer ink cartridges sold by the defendant cost various divisions at GPO $6,197.00.

At the time the defendant sold each of the printer ink cartridges to King Pawn, she knew that the cartridges had been stolen from GPO, and she acted with the intent to disobey the law or in conscious disregard for the law.

On June 30, 2006, the defendant met with Office of the Inspector General ("OIG") Special Agents Sonja Scott and Nathaniel Brown. The defendant was provided with a Non-Custodial Advice and Consent Form, and an acknowledgment of union representation. She waived her rights and answered the agents' questions at that time. During the interview Ms. Potts claimed that she had no knowledge of Michael Potts purchasing or stealing computer printer cartridges at the GPO. She claimed that she never saw him bring any printer cartridges home from work. She claimed never to

have seen printer cartridges in their car or home.  However, as noted above, she accepted 229 of the stolen cartridges and sold them at King Pawn.

**II.    SENTENCING CALCULATION**

    A    Statutory Minimums and Maximums

Pursuant to 22 D.C. Code § 3231, the offense of Trafficking in Stolen Property carries a maximum sentence of 10 years imprisonment, a fine not to exceed $10,000 and up to three years of supervised release.

    B.    District of Columbia Sentencing Guideline Calculation

The PSR writer consulted the District of Columbia voluntary sentencing guidelines for count two of the Information.  The defendant's guideline range for this offense is 6 to 24 months.  See PSR ¶ 50.  However, a sentence in this range allows for a term of imprisonment, a short split sentence, or a term of probation.  See PSR ¶ 51.  For the reasons set forth, infra Section III of this Memorandum, the government respectfully recommends that the Court sentence the defendant to a period of probation.

**III.    GOVERNMENT'S RECOMMENDATIONS**

    A.    Application of the District of Columbia Superior Court Sentencing Guidelines

In December 2003, the District of Columbia Advisory Commission on Sentencing recommended that sentencing guidelines be introduced in D.C. Superior Court.  Such guidelines were promulgated and instituted in June 2004.  The D.C. Superior Court Guidelines are, and always have been, voluntary.  However, the government respectfully recommends that the Court sentence the defendant within the D.C. Guidelines range as calculated in the Presentence Report.

      B.      Basis for Government's Sentencing Recommendation

The defendant has no criminal history, and she was employed at GPO for over twenty years. Although she initially lied to OIG agents regarding her knowledge of her husband's scheme, she did enter into a pre-indictment plea, thereby saving both the Government and this Court time and resources. Her behavior in the case now before the Court was criminal, but it appears to be the exception, as opposed to the rule. The government has no information which suggests that the defendant participated in her husband's pattern of theft, and while the total loss suffered by GPO as a result of Michael Pott's actions was $111,025.89, the defendant contributed to only $6,197 of that loss. Furthermore, the defendant has indicated that she is willing and able to pay restitution in this matter in a timely fashion.

## IV.    RESTITUTION

As set forth supra in §I, defendant sold $6,197.00 worth of GPO cartridges.[1] Accordingly, the Court should order the defendant to pay restitution in the amount of $6,197.00

---

[1] Michael Potts is jointly and severally liable for this entire amount.

## V.  CONCLUSION

Wherefore, the government respectfully requests that the Court sentence the defendant to a period of probation for the offense of Trafficking in Stolen Property.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

        _____
        Catherine K. Connelly
        Assistant United States Attorney
        Mass.  Bar No. 649430
        555 4th Street, N.W.  #4844
        Washington, DC 20001

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I caused a copy of the foregoing to be served upon the attorney for the defendant, Rita Bosworth, this 30th day of November, 2006.

        _____
        Catherine Connelly
        Assistant United States Attorney