IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cr. No. 06-255 (RMU) |
| v.            ) | |
| ) | |
| KARREN POTTS      ) | |
| _____) | |

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

Defendant, Karren Potts, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Ms. Potts respectfully asks the Court to sentence her to six months of probation.

### BACKGROUND

On August 31, 2006, the government filed a two-count Information against Ms. Potts On September 18, 2006, Ms. Potts pled guilty, in accordance with a written plea agreement, to count 2 of the Information, which charged her with trafficking in stolen property in violation of 22 D.C.C. § 3231. Ms. Potts is scheduled to be sentenced before this Court on December 12, 2006, at 10:00 a.m.

### DISCUSSION

I.  **UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MS. POTTS SHOULD RECEIVE A SENTENCE OF PROBATION**

   A.   Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is 10 years.

  B. <u>Advisory D.C. Superior Court Sentencing Guidelines</u>

  <u>     </u>(I). *Applicable Guideline Range*

 The probation office, consulting the voluntary guidelines applicable in superior court, has concluded that this offense is in Group 8, and that Ms. Potts's criminal history score is A, resulting in an advisory guideline range of 6-24 months. The voluntary guidelines state that probation is permissible in this case.

  C. <u>Ms. Potts Should Receive A Sentence Of Probation</u>

 *I. Nature of the Offense*

 While Ms. Potts in no way wishes to diminish the seriousness of her offense, the crime to which she pled guilty was neither a crime of violence nor a drug-related offense. She also notes that it was her husband who stole the merchandise directly from GPO, thus her role in the offense was less serious than his.

 *II. Characteristics of the Defendant*

 As the Court can see from the PSR, Ms. Potts is a hard worker. Though she resigned from her job at the GPO due to the instant offense, the PSR states that she received "numerous accolades" over the twenty two years that she worked there. PSR ¶ 39. In addition, her former co-worker described her as a "good worker . . . noting that she was punctual and often worked overtime." PSR ¶ 26. She further reported that this offense was "out of character" for Ms. Potts. <u>Id.</u> Ms. Potts does not have any criminal history, and she maintained her job for twenty two years with praise from her co-workers and her employer. This speaks well of Ms. Potts and strongly suggests that the instant offense was one isolated instance of poor judgment that will not occur again.

In addition to being a good employee, Ms. Potts is also a dedicated mother. She is the primary caretaker for both her daughter, Natasha, who is 17, and her son, Cederic, who is 11. She receives some financial assistance from Natasha's father but only inconsistent support from Cederic's father. Ms. Potts has always been the one to take care of her family, as such, she feels the daily strain, both financially and emotionally, that comes with being a parent.

Though Ms. Potts has successfully raised two children, it has not been easy, for she has had to do so while toiling through three unsuccessful marriages. She first married Natasha's father when she was only twenty-four years old. The marriage lasted only three years, and Ms. Potts was left with an infant child when she divorced. Six years later she married Cederic's father, and a divorce ensued because he was physically abusive toward Ms. Potts and drank excessively. Most recently, Ms. Potts married Michael Potts. Mr. Potts is the person who actually stole the printer cartridges from GPO and got Ms. Potts involved in the instant offense. As a result, Ms. Potts has separated from Mr. Potts and again finds herself faced with the task of raising two children alone. However, she knows it is for the best to be away from Michael Potts and has immediately taken affirmative steps to separate herself from the man who caused this disruption in her life. This again reflects on her determination to get back on track and reinforces the assertion that this was a single blip in her record that will not happen again.

*III. Appropriate Sentence*

Given all the circumstances, it would appropriate in this case to sentence Ms. Potts to a period of probation of six months. The primary concern in this case is the merchandise that was taken and the organization that suffered as a result. The remedy is for the GPO to be made whole again. Ms. Potts has made the commitment to pay the restitution in full right away. A sentence

of probation would punish Ms. Potts and allow the Court to keep an eye on her, but it would also take into account the fact that this was a relatively small sum of money and recognize that Ms. Potts is acting responsibly by paying it back immediately, just as she acted responsibly in owning up to her behavior and taking a pre-indictment plea .  Sentencing Ms. Potts to probation would also prevent severe financial and emotional disruption to her children, who depend on her for financial support.  Finally, probation is appropriate because Ms. Potts is not likely to re-offend, and the community would benefit more from having her work as a productive member of society than paying for her to be locked up in a facility somewhere.

## CONCLUSION

For the reasons set forth above, as well as for any others the Court may deem fair and reasonable, Ms. Potts asks the Court to sentence her to six months of probation. Such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of sentencing.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C.  20004
(202) 208-7500 ext.126